**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DANIEL MARGULIS,** *individually and on behalf of all others similarly situated,*<br><br>                    Plaintiff,<br><br>v.<br><br>**THE HERTZ CORPORATION,**<br><br>                    Defendant. | Civil Action No. 14-1209 (JMV)<br><br><br><br>**OPINION** |

**FALK, U.S.M.J.**

Before the Court is Plaintiff's application to compel documents Defendant has withheld as protected by the common-interest "privilege." A total of 12 letters have been submitted on this and related discovery issues. Based on the reasons that follow, Defendant's blanket invocation of the common-interest "privilege" is unavailing—because, as is explained below, the supposed common-interest "privilege" is not a privilege, but rather a doctrine that allows parties to share otherwise attorney-client or work-product protected communications with parties that share a common interest without waiving the underlying protection. Because Defendant has attempted to invoke a "privilege" that does not independently exist, the universal withholding of documents on this basis is not sustainable. Defendant will

have an opportunity to re-review the documents and determine whether they are protected by the attorney-client privilege or work-product doctrine and renew its application.

## BACKGROUND

Plaintiff, Daniel Margulis, commenced this putative class action on February 25, 2014, alleging that Hertz is conducting a broad-ranging currency conversion scheme, which he labels "dynamic currency conversion" ("DCC"), to defraud its customers who rent vehicles abroad. Plaintiff alleges that Hertz quotes customer rates for vehicle rentals without including any currency conversion fee, charges the fee directly to the customer's credit card, and then falsely claims the customer specifically chose the currency conversion and subsequent overcharge. Plaintiff claims that he was the victim of Hertz's DCC practices in connection with two car rentals—one in the United Kingdom and one in Italy. The operative Complaint contains claims based on this alleged scheme for (1) breach of contract; (2) unjust enrichment; (3) fraud; and (4) violations of the New Jersey Consumer Fraud Act.

On August 1, 2014, Hertz moved for judgment on the pleadings pursuant to Rule 12(c) and for failure to join indispensable parties pursuant to Rule 12(b)(7), claiming that two Hertz subsidiaries—Hertz U.K. Ltd. and Hertz Italiana S.r.l.—were necessary parties to the action because they were the entities that contracted with Plaintiff. Hertz also contends that these entities, not Hertz, provide DCC service in foreign countries.

On April 30, 2015, the Honorable Madeline C. Arleo, U.S.D.J., denied Hertz's Rule 12 motion. No effort was made to add the alleged indispensible parties to the case.

Discovery is ongoing and contentious. The parties have discovery disputes before the Court, and a hearing on some of those disputes is scheduled in the next few weeks.

Chief among the parties' discovery disputes is Defendant's withholding of approximately 25 documents on grounds of the "common-interest privilege." The documents and a privilege log were submitted on September 28, 2016. The communications at issue are alleged to be communications between Hertz employees and employees of a company identified as Monex, which is an independent Irish company that is Hertz's DCC vendor.

The issue of the applicability of the common-interest doctrine to these documents has been briefed. The parties include arguments regarding the individual elements of the common-interest rule, some of which may have merit, were it established that the rule applies at all. However, there is an inescapable threshold issue which resolves the dispute at this time: There is no such thing as an independent common-interest privilege.

## **DECISION**

This case is in federal court based on the Class Action Fairness Act, which is an extension of federal diversity jurisdiction. (See Compl., ¶ 3.) When a case is based on federal diversity jurisdiction, courts are to decide issues of privilege based on state law. *See, e.g., In re Ford Motor Co.*, 110 F.3d 954, 965-66 (3d Cir. 1997).[1] Therefore, New Jersey law applies.

Defendant contends that, under New Jersey law, "the common-interest privilege applies and protects communications between two parties who exchange information 'due to actual or anticipated litigation' and share 'a common-interest.'" (Def's Letter dated May 20, 2016, at 4.) Defendant relies on the New Jersey Supreme Court's decision in *O'Boyle v. Boro. of Longport*, 218 N.J. 168 (2014), the leading case on this subject.

*O'Boyle* makes clear that the common-interest rule is not an independent privilege. It is a waiver-related doctrine; an exclusion to the general rule that disclosure of a privileged communication results in waiver of the privilege:

> All agree, however, that the common interest rule does not create a new privilege. Rather, it permits disclosure of privileged material, attorney-client confidential communications or work product, to third parties without waiving any privilege as long as the

---

[1] The work-product doctrine is always federal. *See United Coal Companies v. Powell Const. Co.*, 839 F.2d 958, 966 (3d Cir. 1988) ("Unlike the attorney-client privilege, the work-product privilege is governed, even in diversity cases, by a uniform federal standard.").

>applicable features of the common interest rule in the jurisdiction are satisfied.

*Id.* at 198.

Documents may be withheld on attorney-client privilege or work-product grounds. The common-interest rule allows the withholding party to *share* that privileged communication with others that are within a community of interest without waiving the underlying privilege. In order to avoid waiver of privilege protection when sharing protected communications, the disclosure of privileged information must be (1) made due to actual or anticipated litigation, (2) for the purpose of furthering a common interest, and (3) made in a manner not inconsistent with maintaining confidentiality against adverse parties. *Id.* at 199 (citing *LaPorta v. Gloucester County*, 340 N.J. Super. 254, 262 (App. Div. 2001). Therefore, the first question is always whether an underlying communication is privileged to begin with, whether it be attorney-client, work-product, or otherwise. *See O'Boyle*, 218 N.J. at 198. If that is established, the Court may then consider whether the privileged document was shared with someone and whether such sharing was permissible.

Here, no showing of underlying privilege has been made. The privilege log refers to "Documents Withheld Under Common Interest Privilege." (September 28, 2016 Letter at Tab A.) The log continues by identifying the applicable privilege for documents as the "common interest privilege." *Id*. As explained, this does not work.

5

The claiming party must articulate how each document withheld is privileged from disclosure.  The Court is not in a position to make this determination from what has been presented.  Is the communication between an attorney and that attorney's client?  Is the communication for purposes of receiving or providing legal advice?  The email documents provided seem innocuous and likely not privileged, but more importantly, the requisite specific information is not provided and therefore the Court cannot make an informed analysis of the subject.  *See, e.g.*, N.J.S.A. 2A:84A-20; *In re Kozlov*, 79 N.J. 232, 243 (1979).

## CONCLUSION

Determining whether these emails are protected by the common-interest doctrine is premature and, in fact, impossible without determining whether they are privileged in the first place.  For that reason, Defendant's invocation of the common-interest doctrine is premature and **DENIED WITHOUT PREJUDICE**.  If Defendant has a basis to assert an actual privilege with respect to any of the communications withheld, it shall identify same, with as much detail as possible.  If it cannot make this showing, the documents should be produced immediately.

s/Mark Falk<br>
MARK FALK<br>
**United States Magistrate Judge**

**DATED: October 28, 2016**